```
                                    U.S. DISTRICT COURT
                                  NORTHERN DISTRICT OF TEXAS
                                          FILED

                                      JUL 2 1 2015

                                 CLERK, U.S. DISTRICT COURT
                                 By _____
                                           Deputy
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FREDRICK LAMAR SHAVERS,　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　　　　　Petitioner,　　　　§
　　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　　§　　　　No. 4:14-CV-1029-A
　　　　　　　　　　　　　　　　　§
WILLIAM STEPHENS, Director,　　　§
Texas Department of Criminal　　 §
Justice, Correctional　　　　　　§
Institutions Division,　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　　　　　Respondent.　　　　§

## MEMORANDUM OPINION
## and
## ORDER

　　　　This is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner, Fredrick Lamar Shavers, a

state prisoner incarcerated in the Correctional Institutions

Division of the Texas Department of Criminal Justice (TDCJ),

against William Stephens, Director of TDCJ.　After having

considered the pleadings, state court records, and relief sought

by petitioner, the Court has concluded that the petition should

be dismissed as time-barred.

### I.　Factual and Procedural History

　　　　On August 23, 2010, in Case No. 1074386D in Tarrant County,

Texas, petitioner waived his right to a jury trial, pleaded

guilty to one count of sexual assault of a child under 17 years

of age, and was sentenced to 15 years' confinement pursuant to a plea agreement. Adm. R. 142, ECF No. 10. Petitioner did not directly appeal his conviction. Pet. 3, ECF No. 1. On April 30, 2014, petitioner filed a state habeas application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on November 12, 2014, without written order on the findings of the trial court.[1] Adm. R. 18, ECF No. 10. This federal petition for habeas relief challenging his Tarrant County conviction is deemed filed on December 17, 2014.[2] Pet. 10, ECF No. 1.

In one ground, petitioner claims his rights to an impartial trial and effective assistance of trial counsel were violated by counsel's "premature admission" of his guilt in an interview with the Dallas Morning News in July 2010 before the plea proceedings. He urges that counsel's actions in conjunction with the fact that

---

[1]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by petitioner on April 30, 2014; thus, for purposes of this opinion, the undersigned deems the state application filed on that date.

[2]Likewise, a pro se habeas petition filed in federal court by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

he was a caseworker for Child Protective Services at the time of the offense would have been severely prejudicial "had he changed his intent to plea . . . and opted to go to a trial by jury." Pet. 6-6a, ECF No. 1.

## II.   Statute of Limitations

Respondent contends the petition is untimely.  Resp't's Answer 3-7, ECF No. 8.  Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  Section 2244(d) provides:

> (1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

>> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate
of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)   The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be counted
toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In at attempt to trigger subsections (B) and (C), petitioner

states:

Petitioner relies on the precedent of Trevino v. Thaler
. . . (citing Martinez v. Ryan . . .) in support of his
contention that a state created impediment to filing
created by state action in violation of the
Constitution or law of the United States has been
determined by the U.S. Supreme Court in ruling by
qualified holding that Texas violates due process in
denying defendants the effective assistance of trial
counsel at the initial collateral review proceeding, as
the statues allowing for said assistance of trial
counsel on direct appeal makes it virtually impossible
to do so, thus, the new right created by the U.S.
Supreme Court made retroactive in application in
Trevino . . . as well as Haynes v. Stephens, No. 12-
70030, filed July 28, 2014, allow for Petitioner to
properly come before this Honorable Court of Record
seeking review of his habeas corpus petition.
Petitioner is properly before this Honorable Court of
Record.

Pet. 9, ECF No. 1 (citations omitted).

Petitioner filed an identical habeas petition in the Dallas

Division raising the same claim and challenging his 2010 Dallas

County convictions for sexual assault of a child for which he is

serving concurrent 15-year sentences.[3]   *See* the TDCJ website,

"Offender Information Details," at http://offender.tdcj.state.tx.

us.   The Dallas court addressed petitioner's argument as follows:

### A.   Calculation of One-Year Period

. . .

Petitioner argues that his limitations period
should be calculated under §§ 2244(d)(1)(B) and
2244(d)(1)(C) based upon *Martinez v. Ryan,* 132 S. Ct.
1309 (2012), and *Trevino v. Thaler,* 133 S. Ct. 1911
(2013).   He claims these decisions imply that the State
created an impediment to him timely filing.   The Fifth
Circuit has specifically rejected this claim, stating
that since "the Supreme Court has not recognized a
right to postconviction counsel under the United States
Constitution, *see Martinez v. Ryan,* 132 S. Ct. 1309,
1315 (2012), a 'state's effort to assist prisoners in
postconviction proceedings does not make the State
accountable for a prisoner's delay.'"   *Manning v. Epps,*
688 F.3d 177, 189 (5th Cir. 2012), *cert. denied,* 133 S.
Ct. 1633 (2013).   Petitioner's argument that he is
entitled to a different limitations-start date under §
2244(d)(1)(B) is without merit.

Petitioner next agues that *Martinez* and *Trevino*
recognize a new constitutional right that has been made
retroactive to cases on collateral review under §
2244(d)(1)(C).   These cases recognized that
"ineffective assistance of counsel at the initial-
review collateral attack stage may constitute 'cause'
to excuse a *habeas* petitioner's procedural default."
*Starr v. Rogers,* No. 14-2230, 2014 WL 5093997, at *4

---

[3]Apparently, both the Tarrant County and Dallas County offenses involved
the same victim.  Pet'r's Pet., Mem. of Law, App. B entitled "Dallas Morning
News Article," ECF No. 1.

(W.D.La. Oct.10, 2014) (emphasis in original).  Neither
presents a new rule of constitutional law under §
2244(d)(1)(C).  *See Terron v. Stephens*, No. 3:13-CV-
2292-P, 2014 WL 3855047, at *3 (N.D.Tex. Aug.5, 2014)
(citing *Adams v. Thaler*, 679 F.3d 312, 323 n.6 (5th
Cir. 2012) (finding that Martinez did not establish a
new rule of constitutional law for successive habeas
analysis)); *see also Adams v. Stephens*, No. 3:14-CV-
1276-D, 2014 WL 3778161, at *3 (N.D.Tex. July 31, 2014)
(citing *Adams*, 679 F.3d at 323 n.6 and *Arthur v.
Thomas*, 739 F.3d 611, 629 (11th Cir. 2014) ("Thus, we
also hold that the reasoning of the *Martinez* rule does
not apply to AEDPA's limitation period in § 2254 cases
or any potential tolling of that period")).

Findings, Conclusions, and Recommendation 3-4, Shavers v.
Stephens, No. 3:14-4498-B, ECF No. 8 (citations to the record and
footnotes omitted).

This Court agrees with the Dallas court's analysis and has

held that the line of cases cited by petitioner address excusing

a procedural default of a claim and do not apply to the federal

statute of limitations or the tolling of that period.  Mem. Op.

and Order 6-7, Humphries v. Stephens, No. 4:13-CV-745-A, ECF No.

18 (COA denied).  *See also Hunter v. Stephens*, No. H-13-877, 2013

WL 5671295, at *5 (S.D.Tex. Oct. 16, 2013) (same); *Arthur v.

Thomas*, 739 F.3d 611, 628-31 (11th Cir.), *cert. denied,* 135 S.

Ct. 106 (2014) (same).  Thus, petitioner's argument fails to

trigger subsection (B) or (C).

Instead, because petitioner's claim involves events

occurring before or during the plea proceedings, subsection (A)

applies to his case.  Under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time petitioner had for filing a timely notice of appeal on September 22, 2010, and closed one year later on September 22, 2011, absent any applicable tolling.  *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application filed on April 30, 2014, after limitations had already expired did not operate to toll the limitations period under the statutory provision.  28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Nor has petitioner alleged or demonstrated rare and exceptional circumstances that would justify tolling as a matter of equity.  For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)).  There is no evidence whatsoever in the record that

7

petitioner was prevented in some extraordinary way from asserting his rights in state or federal court.  Petitioner has not demonstrated that he pursued his rights with "reasonable diligence" but extraordinary circumstances prevented him from filing a petition within the time allowed by the statute. *Holland,* 130 S. Ct. at  2565 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)).  "Equity is not intended for those who sleep on their rights."  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Petitioner's federal petition was due on or before September 22, 2011.  His petition, filed on December 17, 2014, is therefore untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.  The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED July ___21___, 2015.


_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

8